UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

1822 1822 LLC et al.,

      Plaintiffs,                          Case No. 22-cv-10790

v.                                            HON. MARK A. GOLDSMITH

CHARTER TOWNSHIP OF CANTON,

      Defendant.
_____/

**OPINION & ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 36)**

This case is brought by Plaintiffs Manal Chehadeh and a limited liability company, 1822 1822 LLC, for declaratory and injunctive relief from Defendant Charter Township of Canton's decision to demolish property owned by Plaintiffs and located at 1822 Sheldon Road, Canton, Michigan.[1] Plaintiffs assert one count under 42 U.S.C. § 1983 for an alleged due process violation.

The Township filed counterclaims, requesting that (i) the Township be permitted to immediately demolish the property pursuant to an order of abatement it had previously issued, (ii) Plaintiffs be required to pay the full cost of the demolition, and (iii) the Township have a lien on the property for the full cost of the demolition. See Counterclaim ¶ 40 (Dkt. 5).

---

[1] The parties do not precisely define the relationship between Manal Chehadeh and 1822 1822 LLC. In addition, the complaint first states that "Plaintiff 1822 1822 LLC purchased the Property" and that "the deed was conveyed to Plaintiff 1822 1822 LLC," Compl. ¶ 10 (Dkt. 1), but later states that both "[p]laintiffs purchased the property with the intention to completely renovate it and undertook to do so," id. ¶ 12. This inconsistency is not material to the Court's analysis of the Township's motion.

The Township moved for summary judgment on both the complaint and its counterclaim (Dkt. 36).² For the reasons that follow, the Court grants the Township's motion for summary judgment.

## I. BACKGROUND

The following relevant facts are undisputed.³

The property at issue is located at 1822 Sheldon Road in Canton Township, Michigan. Def. Stat. of Material Facts (SOMF) ¶ 1; Creamer Aff. ¶ 4 (Dkt. 36-2). In August 2020, an electrical contractor hired by the previous owner of the property reported to the Township unsafe conditions on the property. Def. SOMF ¶¶ 2–3; Creamer Aff. ¶ 5. Upon investigation, the Township found "work being done without permits, unsafe living conditions, structural issues and other dangerous violations." Def. SOMF ¶ 4; Creamer Aff. ¶ 6. The former owners had not obtained the required permits and, by the Township's next visit, the property was found to have been vacated by the former owners.⁴ Def. SOMF ¶ 5; Creamer Aff. ¶ 6. Plaintiffs purchased the

---

² Because oral argument will not aid the Court's decisional process, the motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the Township's motion, the briefing includes Plaintiffs' response (Dkt. 40) and the Township's reply (Dkt. 42).

³ Plaintiffs' response to the Township's statement of facts contains many assertions stating that they "[l]ack[] sufficient information on which to form a belief." See Resp. at 2–7. But a nonmoving party cannot rebut a Rule 56 motion by "simply rest[ing] on the pleadings [and] must present 'specific facts showing that there is a genuine issue for trial.'" Carter v. Washington, 21-cv-11361, 2023 WL 4596774 at *1 (E.D. Mich. July 18, 2023) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). Where a party "fails to properly address another party's assertion of fact," the court may "consider the facts undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). Where statements in the Township's statement of material facts are supported by evidence, including the affidavit of Robert Creamer, and not specifically disputed by Plaintiffs, the Court accepts them as undisputed.

⁴ The Township's SOMF and the supporting affidavit of Robert Creamer refer to "the previous owner" and also "then-Property owners." See Def. SOMF ¶¶ 2, 5; Creamer Aff. ¶¶ 2, 6 (emphasis added). This inconsistency is not material to the Court's analysis.

property in November 2020. Compl. ¶¶ 10–12. In December 2020, after receiving a complaint that work was being done on the property without the required permits, the Township left a notice of violation on the property requiring Plaintiffs to obtain those permits. Def. SOMF ¶¶ 7–8; Creamer Aff. ¶ 7. That same month, a building inspector for the Township inspected the property and issued a report requesting that issues be addressed by a third-party architect or engineer.[5] Def. SOMF ¶ 9; Creamer Aff. ¶ 8.

In June 2021, the Township initiated a dangerous building proceeding under Mich. Comp. L. § 125.538 et seq. and Chapter 78, Article III of the Charter Township of Canton Code of Ordinances. Def. SOMF ¶¶ 10–11; Creamer Aff. ¶ 9–10. The Township provided notice to Plaintiffs by sending a "Notice of Dangerous Building" to Chehadeh via certified mail and posting the notice on the garage and front door of the property. Def. SOMF ¶¶ 11–12; Counterclaim at PageID.92–98 (Dkts. 5-2, 5-3). An initial dangerous building hearing, as required under Mich. Comp. L § 125.541, was held on July 28, 2021, with Chehadeh in attendance and participating. Def. SOMF ¶ 13; Creamer Aff. ¶ 10. Following the hearing, the Township issued an order of abatement requiring that a demolition permit be obtained by October 1, 2021 for demolition that was to occur by January 1, 2022. Def. SOMF ¶ 14; Mot. at PageID.378–379 (Dkt. 36-4).

In November 2021, after Plaintiffs failed to timely obtain the demolition permit, the Township scheduled a show cause hearing for December 14, 2021, pursuant to Mich. Comp. L. § 125.541 and Canton Mun. Code § 78-65. Def. SOMF ¶¶ 15–17; Creamer Aff. ¶¶ 11–13. Once again, the Township notified Plaintiffs by sending certified mail to Chehadeh and by posting on

---

[5] Plaintiffs state that the inspector's report "gave no indication of any specific violations to be addressed." Resp. at 4. But Plaintiffs have not provided evidence that the Township was required to include the specific violations at that point, and they acknowledge that the Township did later specify which characteristics of the property qualified it as a "dangerous building." See Resp. at 8 (citing Counterclaim at PageID.92–96 (Dkt. 5-2)).

3

the property door. Def. SOMF ¶¶ 16–17; Counterclaim at PageID.100–101, 106 (Dkts. 5-4, 5-6). Chehadeh requested that the hearing be rescheduled, so the Township moved the hearing to January 25, 2022, notifying Plaintiffs of the new date by certified mail and posting. Def. SOMF ¶ 18; Mot. at 11; Creamer Aff. ¶ 14; Counterclaim at PageID.103–104, 107 (Dkts. 5-5, 5-6).

Chehadeh did not attend the January 25, 2022 show cause hearing, despite it having been rescheduled at her request. Def. SOMF ¶ 19; Creamer Aff. ¶ 15. During the hearing, the Township's board of trustees voted unanimously to close the show cause hearing and to uphold the decision to demolish the property. Def. SOMF ¶ 20; Creamer Aff. ¶ 16.

## II. ANALYSIS[6]

Because it is unclear from the complaint whether Plaintiffs are alleging a substantive or procedural due process violation, the Court analyzes both theories in turn.

### A. Substantive Due Process

The substantive due process component of the Fourteenth Amendment bars "certain government actions regardless of the fairness of the procedures used to implement them." Daniels v. Williams, 474 U.S. 327, 331 (1986). Substantive due process claims "often fall into one of two categories—claims that an individual has been deprived of a particular constitutional guarantee, or claims that the government has acted in a way that shocks the conscience." Handy-Clay v. City of Memphis, Tenn., 695 F.3d 531, 547 (6th Cir. 2012) (punctuation modified). The United States Court of Appeals for the Sixth Circuit has "recognize[d] the difficulty of determining where

---

[6] In assessing whether a party is entitled to summary judgment, the Court applies the traditional summary judgment standard as articulated in Scott v. Harris, 550 U.S. 372, 380 (2007). The court will grant a motion for summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the movant makes an initial showing that there is an absence of evidence to support the nonmoving party's case, the nonmovant can survive summary judgment only by coming forward with evidence showing there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324–325 (1985).

conscience-shocking behavior resides on the continuum of actions" but has stated that a plaintiff may succeed on a claim in this second category by establishing that a government entity exercised its power in an "arbitrary and capricious" manner. Range v. Douglas, 763 F.3d 573, 588, 590 (6th Cir. 2014).

Plaintiffs' response to the Township's motion for summary judgment makes clear that they are pursuing their substantive due process claim under the second theory, arguing that the Township's decision to demolish the property "is not based on substantial evidence and therefore its decision cannot bear rational basis" and is "arbitrary and capricious such that it violates Plaintiff[s'] due process." Resp. at 22–23 (punctuation modified). Plaintiffs argue that there is a "genuine dispute of material fact as to whether [the Township] has accumulated any evidence, documents or information whatsoever that could serve as a rational basis for their decision to demolish [the] Property." Id. at 19.

The Township's conduct does not lack rational basis and certainly does not shock the conscience. After inspecting the property in December 2020, a building inspector from the Township told Chehadeh to "provide [a] licensed structural engineer report to evaluate structural integrity of the concrete footings, framing and roof structures." The inspector further required that the report "include free standing out building." Resp. at 9; see also Def. SOMF ¶ 9; Creamer Aff. ¶ 8. Chehadeh hired an engineer to prepare a report, but the Township found that report insufficient. Resp. at 9–11. Specifically, the inspector found there to be "so many holes in this report it [could] not be accepted." Id. at 11. The inspector also noted "confirmed evidence [that] there is settling in the kitchen floor area near the cabinets and severe rotting of the decks." Id. And when the Township initiated dangerous-building proceedings, it provided Plaintiffs with a "notice of dangerous building" indicating that the property met four of the ten qualifications for a dangerous-building designation listed under Canton Mun. Code § 78-64. See Counterclaim at

5

PageID.92–96 (Dkt. 5-2).  This evidence is not only undisputed by the Plaintiffs, but also included in their response to the motion.  See Resp. at 8, 11.

Plaintiffs claim that the only evidence the Township has provided for its decision consists of "conclusory, superficial, and pretextual comments in emails." Id. at 23.  But Plaintiffs have not provided any analysis or other support for their critique that the Township's evidence was "conclusory, superficial, [or] pretextual."

Even if the Township's basis for its decision was less than overwhelming, its demolition decision does not rise to the level of "conscience shocking" behavior that would be actionable as a substantive due process claim.  See Handy-Clay, 695 F.3d at 547–548 (finding that the characterization of a government action as "arbitrary, or conscience shocking, in a constitutional sense" applies only to "conduct that is so brutal and offensive that it does not comport with traditional ideas of fair play and decency") (punctuation modified).  In fact, the Sixth Circuit has explained that while a state court may set aside administrative action as being arbitrary and capricious on the ground that it is not supported by substantial evidence, "[n]o such ground may be used by the federal court in reviewing state administrative action in connection with a federal substantive due process attack." Pearson v. City of Grand Blanc, 961 F.2d 1211, 1221 (6th Cir. 1992).  The Township's decision withstands a substantive due process challenge so long as there is "some factual basis" for its action.  Id. at 1222.  And there is certainly "some factual basis" for the decision at issue here, given the inspector's March 26, 2021 email stating that there was "confirmed evidence [that] there is settling in the kitchen floor area near the cabinets and severe rotting of the decks" and the building inspector's determination that Plaintiffs' engineering report was insufficient.  See Resp. at 11.

Plaintiffs have not provided the Court with any authority supporting a contrary view.  They cite two cases to support their assertion that the Township's behavior lacked a rational basis:

6

Schellenberg v. Twp. of Bingham, No. 10-1222, 436 Fed. App'x 587 (6th Cir. Aug. 31, 2011) and 26017 Michigan, LLC v. City of Inkster, No. 17-11860, 2018 WL 1410806 (E.D. Mich. Mar. 21, 2018). Neither of these opinions found a substantive due process violation. The court in 26017 Michigan found that the defendant-city had not violated the plaintiff-property owner's rights when it closed plaintiff's property because it was a public nuisance, and the court in Schellenberg did not address due process rights at all.

The Sixth Circuit's opinion in GMS Dev. Holding Co. 3, LLC v. Bloomfield Twp.—cited by both Plaintiffs and the Township and decided on facts very similar to the ones here—supports the Township's position that its decision was supported by a rational basis. See 740 Fed. App'x 495 (6th Cir. 2018). In that case, the defendant-township had denied the plaintiff-property owner's application for permission to split its property into smaller parcels for development. Id. at 496. The property owner alleged a substantive due process violation on the grounds that Michigan's Land Division Act required the township to approve the application and that, even if the state law did not require approval, the township had applied its ordinance governing applications for lot splits arbitrarily. The Sixth Circuit upheld the district court's grant of summary judgment for the township, holding that the township's decision to deny the property owner's application "because the smaller new lots would not be 'compatible' or 'harmonious'" with other neighborhood lots was not arbitrary in a constitutional sense. Id. at 497. The court reasoned that "[l]ocal governments make that sort of judgment every day, and nothing about the Township's reasoning here allows us to deem its decision constitutionally arbitrary." Id.

The same is true of the Township's decision to demolish the property at issue here. The Township has provided Plaintiffs with documents related to the investigation and hearings in response to discovery requests (Mot. at 6 n.3), including the email demonstrating concerns about the property such as "severe rotting of the decks" (Resp. at 11) and the dangerous building

7

notification (Counterclaim at PageID.93–96 (Dkt. 5-2)). Like the decision at issue in GMS Development, the decision here to demolish a property based on a dangerous building determination is the sort of judgment that local governments make every day. Plaintiffs have provided the Court with no evidence to the contrary.

### B. Procedural Due Process

In their complaint, Plaintiffs allege that both "[the Township's] actions" and "the ordinance under which Plaintiffs were prosecuted" violate their due process rights. See Compl. ¶¶ 57–58. It appears that Plaintiffs have abandoned any procedural due process claims, as their response to the Township's motion for summary judgment addresses only substantive due process. See Resp. Regardless, Plaintiffs have failed to establish a procedural due process violation.

Procedural due process requires that a state provide a person with adequate procedural protections before depriving that person of a property or liberty interest. See Hill v. City of Jackson, Mich. 751 Fed. App'x 772, 776 (6th Cir. 2018). To establish a violation of procedural due process, a plaintiff must demonstrate: "1) that they have a life, liberty, or property interest protected by the Due Process Clause of the Fourteenth Amendment; 2) that they were deprived of this protected interest within the meaning of the Due Process Clause; and 3) that the state did not afford them adequate procedural rights prior to depriving them of the protected interest." Masjid Malcom Shabazz House of Worship, No. 19-11823, 2020 WL 7024876, at *8 (E.D. Mich. Nov. 30, 2020) (citing Med Corp. Inc. v. City of Lima, 296 F.3d 404, 409 (6th Cir. 2002)). "Procedural due process generally requires that the state provide a person with notice and an opportunity to be heard before depriving that person of a property or liberty interest." Warren v. City of Athens, Ohio, 411 F.3d 697, 708 (6th Cir. 2005).

Here, the Township provided Plaintiffs with notice and an opportunity to be heard in accordance with the requirements of the applicable state and local laws. Michigan's Dangerous

Building Statute defines a "dangerous building" as a building having one or more of a list of defects. See Mich. Comp. L. § 125.539. Once the existence of a dangerous building is established, the statute and the Township ordinance require notice to the property owner. See Mich. Comp. L. § 125.540; Canton Mun. Code § 78-64. They then require a dangerous building hearing before a hearing officer and accompanying notice. See Mich. Comp. L. § 125.541; Canton Mun. Code § 78-65. They also provide for a show cause hearing in front of a township board where necessary. See Mich. Comp. L. § 125.541(4); Canton Mun. Code § 78-65(d). Finally, they provide for reimbursement of costs incurred by a township by the property owner and allow a township to bring an action against the property and to obtain a lien for the amount of the judgment. See Mich. Comp. L. § 125.541(5)–(7); Canton Mun. Code § 78-65(e)–(g).

  The Township has established that it followed those procedures. It notified Plaintiffs of the dangerous building designation and subsequent hearing by certified mail and by posting on the property. Def. SOMF ¶¶ 11–12; Counterclaim at PageID.93–96 (Dkt. 5-2). Then, it held a dangerous building hearing, in which Chehadeh participated. Def. SOMF ¶ 13; Creamer Aff. ¶ 10. When Plaintiffs failed to comply with the order of abatement issued after the dangerous building hearing, the Township scheduled a show cause hearing, again notifying Plaintiffs by certified mail and by posting on the property. Def. SOMF ¶¶ 14–17; Creamer Aff. ¶¶ 11–13; Counterclaim at PageID.100–101, 106 (Dkts. 5-4, 5-6). When Chehadeh requested that the hearing be rescheduled, the Township accommodated that request. Def. SOMF ¶ 18; Creamer Aff. ¶ 14. After the show cause hearing proceeded without Chehadeh in attendance, the decision to demolish the property was upheld. Def. SOMF ¶¶ 19–20; Creamer Aff. ¶¶ 15–16.

Plaintiffs do not deny that they received notice of the property's designation as a dangerous building or of the dangerous building hearings.[7] Plaintiffs cite no affidavits or other evidentiary support in their response to contradict the Township's evidence. The fact that Chehadeh attended the first hearing and requested that the second hearing be rescheduled is further evidence that notice was sufficient. And while Chehadeh did not attend the show cause hearing, she does not assert that her failure to attend was due to any action on the Township's part. Plaintiffs also have not provided any evidence to indicate that their opportunity to be heard was insufficient. In fact, their response motion is conspicuously lacking any allegations at all regarding notice or the dangerous-building hearing itself.

Plaintiffs also offer no authority to indicate that the procedures implemented by the Township ordinances violate procedural due process. To the extent that Plaintiffs rely on 26017 Michigan as instructive on the importance of due-process compliance in zoning decisions in order to support their procedural due process claim, see Resp. at 22, that case offers them no support. That case did not address any specific act of non-compliance alleged by the property owner, ruling instead that the owner had no constitutionally protectible interest. 2018 WL 1410806, at *8–*9. The case provides no guidance here.

Rather than seek to prove that their notice or opportunity to be heard were deficient, Plaintiffs detail numerous complaints about communications with the Township that occurred prior to the dangerous-building proceedings, regarding reports created by the engineers Chehadeh hired. See Resp. at 11–18. But these complaints establish no procedural error; they demonstrate

---

[7] In response to each of the Township's assertions that it sent notices to Plaintiffs regarding the dangerous-building proceedings, Plaintiffs assert: "Denied that Notice was sent to the deeded owner Plaintiff 1822 1822 LLC but was only addressed to Plaintiff Manal Chehadeh." Resp. at 4–7. Chehadeh does not deny that she received the notice, acknowledging that "[t]he executed return receipt referred to by [the Township] speaks for itself." Id.

10

only that Plaintiffs take issue with the substance of the Township's responses to their engineering reports and decision to refuse to issue renovation permits and to ultimately demolish the building. See id. A substantive disagreement between a government unit and a property owner does not amount to a procedural due process violation. And as explained above, the Township's decisions regarding the property are supported by rational basis and, therefore, do not violate substantive due process.

Because Plaintiffs have not created a genuine issue of material fact in support of their claim that they were deprived of their procedural due process rights, the Township is entitled to summary judgment on Plaintiffs' procedural due process claim as well.[8]

### III. CONCLUSION

For the reasons explained above, the Court grants the Township's motion for summary judgment. Unless the parties stipulate to the form of a judgment, the Township must file a motion for entry of a proposed judgment within 14 days. Plaintiffs may respond within 14 days of the filing of the motion; any reply will be due seven days after service of the response.

SO ORDERED.

Dated: September 28, 2023  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

---

[8] The Township argues that Plaintiffs' procedural due process claim is deficient in failing to "plead and provide that there is no adequate state-law remedy for [the] deprivation." Mot. at 7–8 (citing Hill, 751 Fed. App'x. at 777). The Court does not need to address this argument, as it is granting the motion on other grounds.

11